1
2
3
4
5
6
7

Dylan B. Carp (State Bar No. 196846)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Dylan.Carp@jacksonlewis.com

Attorney for Defendant
EQUINOX HOLDINGS, INC.

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL ANDREWS,

12          Plaintiff,

13      v.

14  EQUINOX HOLDINGS, INC., a Delaware
    corporation; and DOES 1 to 10, inclusive,

15

16          Defendants.

17

18

Case No.

**NOTICE OF REMOVAL OF ACTION
BY DEFENDANT EQUINOX
HOLDINGS, INC.**

**(28 U.S.C. §§  1332(a), 1441(b), and 1446)**

**(San Francisco County Superior Court,
Case No. CGC-19-581860**

Complaint Filed:    12/27/2019
Trial Date:         None set

19      TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

20  THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF MICHAEL ANDREWS, AND

21  HIS COUNSEL OF RECORD:

22      Defendant EQUINOX HOLDINGS, INC ("Equinox" or "Defendant"), pursuant to 28

23  U.S.C. Sections 1332(a), 1441(b), and 1446, hereby gives notice of the removal to this Court of

24  an action commenced against Equinox Holdings in the Superior Court of the State of California,

25  for the County of San Francisco, styled *Michael Andrews v Equinox Holdings, Inc., a Delaware*

26  *corporation, and DOES 1 to 10, inclusive.*, Case No. CGC-19-781860 ("the State Court Action").

27  In support of this Notice, Equinox states as follows:

28  ///

## PRELIMINARY STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## VENUE

2.      Although Defendant reserves the right to move for a transfer of venue to the one most appropriate and convenient for the parties, it alleges that, for purposes of this removal, venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this action in the Superior Court of the State of California in and for the County of San Francisco. Thus, for removal purposes, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 85(a), 1391(a), 1441(a).

## PLEADINGS

3.      On December 27, 2019, Plaintiff filed a civil complaint against Defendant in the Superior Court of the State of California, in and for the County of San Francisco ("Superior Court") entitled *Michael Andrews v. Equinox Holdings, Inc.* Plaintiff's Complaint alleges the following three (3) causes of action: (1) age discrimination in violation of California Fair Employment and Housing Act ("FEHA") (Government Code § 12900, *et seq.*); (2) disability discrimination in violation of FEHA; and (3) declaratory relief. Plaintiff served the Summons and Complaint on Defendant on December 30, 2019. A copy of the Summons, Complaint and other court documents served on Defendant is attached as **Exhibit 1**.

5.      Defendant's Answer to Plaintiff's Complaint was filed in the Superior Court on January 16, 2020. A true and correct copy of Defendant's Answer is attached as **Exhibit 2**.

///

6.      Exhibits A and B constitute all the process, pleadings, and related filings in the state Superior Court action.

**TIMELINESS OF REMOVAL**

7.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendant filed it within 30 days after December 30, 2019, which is the date Defendant received a paper, the Complaint, from which it can be ascertained that the case is one which is or has become removable.

**DIVERSITY OF CITIZENSHIP**

8.      Plaintiff's Complaint alleges that he was a resident of Oakland, California, and was employed in San Francisco, California by The Sports Club/LA until it was acquired by Defendant. (Complaint, ¶ 8.)  Plaintiff is a citizen of California.

9.      Plaintiff's Complaint also alleges that Defendant "is a Delaware corporation having its principal place of business in New York, New York."  (Complaint, ¶ 9.)

10.      For diversity purposes, a corporation is considered a citizen of any state in which it is incorporated and of the state where it has a principal place of business. 28 U.S.C. § 1332(c)(1).

11.      Defendant may properly remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because:

    a.  Plaintiff was, at the time of filing of the Complaint, and still is, a citizen of the State of California within the meaning of § 1332(a); Plaintiff resides in Alameda County.

    b.  Defendant was, at the time of filing of the Complaint, and still is, a citizen of the State of Delaware within the meaning of § 1332(c)(1) because it now is and was at all times incorporated under the laws of that state.

    c.  Defendant also was, at the time of filing of the Complaint, and still is, a citizen of the State of New York with the meaning of § 1332(c)(1) because its principal place of business is in the State of New York.

    d.  The presence of Doe defendants has no bearing on the diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").

///

NOTICE OF REMOVAL OF ACTION BY DEFENDANT EQUINOX HOLDINGS, INC.
Case No TBD

12.     Therefore, the diversity element of § 1332 removal is satisfied because Plaintiff is a citizen of California, whereas Defendant is a citizen of Delaware and New York.  There is "complete diversity."

**AMOUNT IN CONTROVERSY**

13.     Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever (which Defendant expressly denies), the amount in controversy in this action exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). The Complaint does not specify an amount in controversy, and only states that Plaintiff seeks compensatory damages, special damages, punitive damages, costs, interest and attorneys' fees. (Complaint, pp. 12.) Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions.  *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 549 (2014).   If plaintiff contests the defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  *See id.* at * 12; *see also*, *Sanchez v. Monumental Life Ins. Co*., 95 F.3d 856, 860-61 (9th Cir. 1996); *Williams v. Best Buy Co., Ins*., 269 F.3d 1316, 1319 (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessing removal jurisdiction).

14.     In determining whether the amount in controversy exceeds $75,000.00 exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of their asserted claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley, Inc*., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonably reading of the value of the rights being litigated")).

///

15.     Attorneys' fees also may be taken into account to determine the jurisdictional amount.  *Goldberg v. CPC Int'l, Inc*., 678 F.2d 1365, 1367 (9th Cir. 1982); *see also, Alvarado v. Home Depot U.S.A. Inc*., Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorneys' fees are included in the amount in controversy). Plaintiff's Complaint requests an award of attorneys' fees. (Complaint, pp. 12.)

16.     Plaintiff further requests compensatory and special damages. (*Id.*) The Complaint provides that he was separated from employment on September 17, 2014, but that Defendant continued to pay him until October 3, 2014. (Complaint, ¶¶ 25-26.) The Complaint further provides that Plaintiff's annual salary was $106,000, or roughly $8,833 per month when he was separated from employment. (Complaint, ¶ 21.) At the time of the filing of this Notice of Removal, Plaintiff will have been separated from employment and without pay for approximately 64 months' time. Had he been employed during this period, Plaintiff would have earned approximately $565,312 excluding interest ($8,833 x 64). Additionally, Plaintiff will likely claim entitlement to back pay during the time that elapses before trial.  Assuming approximately four months elapse before this matter proceeds to trial, Plaintiff will likely claim entitlement to an additional $35,332 in back pay ($8,333 x 4) exclusive of interest. Thus, to the extent that Plaintiff asserts he is entitled to back pay, Plaintiff could recover around $600,644 in wages excluding interest. Although these damages will be offset by the amount Plaintiff has earned as a private personal trainer since his separation from employment, Plaintiff admits in the Complaint that he has "not been able to find enough work to obtain the same amount of pay he would have received had he continued his position" with Defendant. (Complaint, ¶ 34.) Considering the substantial number Plaintiff could potentially recover in wages before the set-off, the amount in controversy is bound to be greater than $75,000 even after it is reduced by his earnings post separation.

17.     Plaintiff further asserts that he had to pay significantly more for health insurance for his family after being discontinued from Defendant's health insurance plan upon separation. (Complaint, ¶ 34.) According to the Complaint, medical coverage costed Plaintiff $12,000 annually under The Sports Club/LA health insurance plan, which would have been comparable under Defendant's plan. (Complaint, ¶ 21.) Plaintiff now claims he pays over $18,000 to have

equivalent medical coverage. (*Id.*) That amounts to a claimed loss of around $6,000 per year since the separation from employment, totaling $32,000 ($500/month x 64 months). Thus, to the extent Plaintiff asserts he is entitled to the increase in the cost of health insurance, Plaintiff could recover $32,000 in medical coverage costs exclusive of interest (in addition to the back pay to which he alleges he is entitled).

18.     Additionally, Plaintiff seeks damages because he "suffered humiliation and emotional distress" with regard to both discrimination claims. (Complaint, ¶¶ 44, 56.) To establish probable recovery, a removing defendant may introduce evidence of judgments in cases involving analogous facts. *Simmons v. PCR Technology,* 209 F. Supp.2d 1029, 1033 (N.D. Cal. 2002).  In a case from the Eastern District, *Cosby v. AutoZone, Inc.,* Case No. 2:08-cv-00505-LKK-DAD (E.D. Cal., Feb. 12, 2010), a jury awarded $1,326,000 in emotional distress damages to a plaintiff alleging disability discrimination, among other claims, the Order and Verdict in which are attached as **Exhibit 3**. Plaintiff's Complaint thus places at least $1,326,000 in emotional distress damages in controversy.

19.     Finally, Plaintiff's Complaint asserts that he is entitled to punitive damages "in an amount appropriate to punish defendants and deter others from engaging in similar misconduct." (Complaint, ¶ 12.)

20.     Based on the foregoing, and without conceding that Plaintiff is entitled to the damages he seeks (or any damages whatsoever, which Defendant expressly denies), the total potential recovery for Plaintiff more likely than not exceeds $75,000 exclusive of interest and costs.

///
///
///
///
///
///
///

WHEREFORE, Defendant Equinox Holdings, Inc. requests that this Court assume jurisdiction of this entire action and make such further orders as may be required to properly determine this controversy.

Dated:  January 22, 2020                                  JACKSON LEWIS P.C.


                                                  By:    /s/ Dylan B. Carp
                                                         Dylan B. Carp
                                                         Attorney for Defendant
                                                         DEFENDANT EQUINOX HOLDINGS,
                                                         INC.

4839-2245-5473, v. 3

NOTICE OF REMOVAL OF ACTION BY DEFENDANT EQUINOX HOLDINGS, INC.
Case No TBD