# EXHIBIT 1

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Equinox Holdings, Inc., a Delaware corporation; and DOES 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Michael Andrews

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California, County of San Francisco, 400 McAllister Street, San Francisco, CA 94102-4515 | CGC-19-581860 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jenny S. Yelin, Rosen, Bien, Galvan & Grunfeld, LLP, 101 Mission Street, 6th Floor, San Francisco, CA 94105

| DATE: *(Fecha)* DEC 27 2019 | CLERK OF THE COURT | Clerk, by *(Secretario)* DE LA VEGA-NAVARRO, Rossi | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* EQUINOX Holdings, INC., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  SANFORD JAY ROSEN – 062566
   GA CROSTHWAIT GRUNFELD – 121944
2  JENNY S. YELIN – 273601
   ROSEN BIEN GALVAN & GRUNFELD LLP
3  101 Mission Street, Sixth Floor
   San Francisco, California 94105-1738
4  Telephone:   (415) 433-6830
   Facsimile:    (415) 433-7104
5  Email:         srosen@rbgg.com
                  ggrunfeld@rbgg.com
6                 jyelin@rbgg.com

7  Plaintiff MICHAEL ANDREWS

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF SAN FRANCISCO

11                                    CGC - 19 - 581860

12  MICHAEL ANDREWS,                  Case No.

13          Plaintiff,                **COMPLAINT**

14      v.                            **JURY TRIAL DEMANDED**

15  EQUINOX HOLDINGS, INC., a Delaware
    corporation; and DOES 1 to 10, inclusive,
16
            Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff MICHAEL ANDREWS hereby complains against defendants EQUINOX

2 HOLDINGS, INC. and DOES 1 through 10 as follows:

3                                  **INTRODUCTION**

4        1.    Plaintiff MICHAEL ANDREWS had a long, successful career in the fitness

5 industry, ultimately managing the personal training and fitness staff for the upscale Sports

6 Club/LA facility in downtown San Francisco, from approximately 2009 to 2014.

7 Mr. Andrews was a stellar employee, receiving excellent performance reviews and

8 significantly increasing the annual revenue of the club during his tenure.  Despite his

9 successful tenure, Mr. Andrews was abruptly terminated in September 2014, when

10 defendant EQUINOX HOLDINGS, INC. (hereinafter "EQUINOX") acquired the Sports

11 Club/LA and its facilities, including the San Francisco club where Mr. Andrews worked.

12       2.    EQUINOX markets itself as a lifestyle brand for wealthy, young, physically

13 fit adults.  Its website boasts that the company offers members the opportunity to be part of

14 an exclusive "club" and encourages its members to "commit to high-performance living."

15 When EQUINOX acquired the Sports Club/LA facility where Mr. Andrews had worked

16 successfully for five years, it determined that Mr. Andrews did not fit the image it wished

17 to project to potential members. Mr. Andrews was 61 years old, had suffered a stroke one

18 year earlier, and had required surgery for a related heart condition, requiring medical leave.

19 EQUINOX perceived Mr. Andrews to be an older person with a disability who did not

20 convey the youth and perfect bodily health EQUINOX wanted its employees to display to

21 its members and potential members.  EQUINOX therefore discharged Mr. Andrews

22 shortly before the acquisition of Sports Club/LA was finalized, and informed him that it

23 believed that he was too stuck in his old ways and that it did not believe he could change

24 his management style.  With no warning, and without providing him an opportunity to

25 conform to EQUINOX's way of doing things or otherwise change, EQUINOX escorted

26 Mr. Andrews out, and instructed him to stay off the premises of the facility he had

27 successfully managed for many years.

28       3.    EQUINOX's decision to discharge and/or not hire Mr. Andrews during the

1    transition was a direct result of discrimination against him because of his age and disability

2    or perceived disability. EQUINOX's termination and/or decision not to hire Mr. Andrews

3    imposed tremendous hardship on Mr. Andrews, who has not been able to find equivalent

4    work due to his age. Mr. Andrews has lost wages and benefits, including health insurance.

5    Plaintiff therefore now brings suit based on his wrongful and illegal termination, seeking

6    damages, including punitive damages to punish EQUINOX for its illegal discrimination

7    against him.

8                        **JURISDICTION AND VENUE**

9       4.      This Court has original subject matter jurisdiction over this action pursuant

10    to Article VI, section 10 of the California Constitution.

11       5.      This Court has personal jurisdiction over Defendants pursuant to California

12    Code of Civil Procedure section 410.10.

13       6.      Venue is proper pursuant to California Code of Civil Procedure section

14    395.5, because EQUINOX's obligations and liabilities arose San Francisco.

15       7.      Venue is also proper pursuant to California Government Code section 12965,

16    subd. (b) because EQUINOX's unlawful practices were committed in San Francisco.

17                               **PARTIES**

18                   **Plaintiff Michael Andrews**

19       8.      Plaintiff MICHAEL ANDREWS ("ANDREWS" or "Plaintiff") is an

20    individual residing in Oakland, California. Plaintiff ANDREWS was employed as the

21    Fitness Manager of The Sports Club/LA Facility located at 747 Market Street, San

22    Francisco, California, 94103 for more than five years, from approximately 2009 to 2014.

23    EQUINOX HOLDINGS, INC. acquired Sports Club/LA in 2014, and terminated Plaintiff

24    ANDREWS's employment during the transition of ownership. Plaintiff ANDREWS was

25    61 years old at the time of his termination by Defendant EQUINOX HOLDINGS, INC.

26                 **Defendant Equinox Holdings, Inc.**

27       9.      Defendant EQUINOX is a Delaware corporation having its principal place of

28    business in New York, New York. Defendant EQUINOX operates fitness facilities and

1   provides fitness services in the United States, Canada, and the United Kingdom through

2   several subsidiaries, including Equinox, which operates the facility formerly owned by

3   Sports Club/LA located at 747 Market Street, San Francisco, California, 94103.

**Defendants Named Herein as DOES 1 to 10**

4

5        10.   Plaintiff does not know the true names and capacities of those Defendants

6   sued herein as DOES 1 through 10, inclusive, and therefore sues those Defendants by such

7   fictitious names.

8        11.   Plaintiff will amend this Complaint to allege the true names and capacities of

9   the Defendants sued herein as DOES 1 through 10 whenever they are ascertained.

10        12.   Plaintiff is informed and believes, and on that basis alleges, that each of the

11   Defendants sued herein as DOES 1 through 10, inclusive, is in some manner legally

12   responsible for the wrongful acts and/or omissions alleged herein.

13        13.   Plaintiff is informed and believes, and on that basis alleges, that each of the

14   Defendants acted in concert with each and every other Defendant, intended to and did

15   participate in the events, acts, practices and courses of conduct alleged herein, and

16   proximately caused damage and injury thereby to Plaintiff as alleged herein.

17        14.   At all times herein mentioned, each of Defendants, including DOES 1

18   through 10, were agents, employees, supervisors, employers, alter egos, and/or joint

19   venturers of these Defendants, and were acting both individually and in the course and

20   scope of such relationship, and/or as integrated enterprises and/or joint employers, with

21   knowledge and/or consent of the remaining Defendants.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

22

23        15.   Plaintiff has sufficiently and timely exhausted all necessary administrative

24   remedies.

25        16.   On July 13, 2015, Plaintiff filed a Charge of Employment Discrimination

26   based on age and disability with the Equal Employment Opportunity Commission

27   ("EEOC"). The EEOC cross-filed Plaintiff's Complaint with the California Department of

28   Fair Employment & Housing ("DFEH") pursuant to the agencies' work sharing agreement.

1    17.    On August 18, 2015, the DFEH issued Plaintiff a Right to Sue Notice, a true

2 and correct copy of which is attached hereto as **Exhibit A**. The DFEH Right to Sue Notice

3 informed Plaintiff that "[p]ursuant to Government Code section 12965, subdivision

4 (d)(1)," the one year statute of limitations for Plaintiff to file a civil action under the Fair

5 Employment and Housing Act ("FEHA") "will be tolled during the pendency of the

6 EEOC's investigation of your complaint." Indeed, the statute of limitations on Plaintiff's

7 DFEH claim was tolled during the pendency of the investigation by the EEOC described

8 below, because all of the criteria in Government Code section 12965, subd. (d)(1) were

9 met.

10    18.    On July 30, 2018, the EEOC District Director William Tamayo issued a

11 letter to Plaintiff and EQUINOX, finding that there was "reasonable cause to believe

12 [EQUINOX] did not extend a job offer to [Plaintiff] based on his age." The EEOC

13 attempted to initiate the conciliation process, but EQUINOX refused to participate. On

14 October 8, 2019, the EEOC issued Plaintiff a right to sue notice, a true and correct copy of

15 which is attached hereto as **Exhibit B**.

16                              **FACTUAL ALLEGATIONS**

17    19.    EQUINOX operates fitness clubs throughout the United States and Canada.

18 EQUINOX is a subsidiary of The Related Companies, a real estate development and

19 property management company. EQUINOX markets itself as a club intended for young,

20 wealthy people; its website, www.equinox.com, features photographs of young, physically

21 fit individuals, often partially naked, boasts that its clubs offer "luxe amenities and

22 exceptional services," and claims that "Equinox is more than a gym. We're a club." See

23 **Exhibit C** (website last visited December 18, 2019). The member page asks potential

24 members to "unlock your potential." *Id.* Every photograph and video featured on the

25 website's "Personal Training" page shows Equinox personal trainers who appear to be

26 younger than 40 years old. *Id.*

27    20.    Plaintiff has worked in the fitness industry for 31 years. He has provided

28 tens of thousands of personal training sessions to thousands of clients and has managed the

1    fitness staff at three facilities.

2         21.    Plaintiff was hired as the Fitness Manager for The Sports Club/LA facility in

3    San Francisco in approximately 2009.  During his more than five year tenure, he increased

4    revenue at the facility by approximately $1 million, to approximately $1.8 million

5    annually, and he consistently received excellent performance evaluations.  Plaintiff's

6    annual salary in 2014, his last year of employment with Sports Club/LA, was

7    approximately $106,000.00.  In addition, Sports Club/LA provided Plaintiff with full

8    medical coverage for himself and his three immediate family members for an annual cost

9    of $12,000 to Plaintiff, while the cost to purchase equivalent insurance after his

10   termination was over $18,000.  If he had continued his employment with EQUINOX,

11   Plaintiff's medical coverage would have been the same as it was when he was employed at

12   Sports Club/LA.

13        22.    In approximately 2013, Plaintiff suffered a stroke and required heart surgery

14   as a result.  He took medical leave from his position with Sports Club/LA, and other

15   employees of the facility knew about his heart condition requiring the surgery.  At all times

16   relevant, including through his termination by EQUINOX, Plaintiff was able to perform

17   the essential duties of his job, with or without reasonable accommodations.  Plaintiff did

18   not request, and did not receive, any additional reasonable accommodations following his

19   return from medical leave for his surgery.

20        23.    In July 2014, EQUINOX announced that it was acquiring the assets of The

21   Sports Club/LA, including the San Francisco facility where Plaintiff worked.  EQUINOX

22   announced that the acquisition would be complete after a transition period ending in

23   October 2014.

24        24.    Plaintiff is informed and believes and on that basis alleges that during

25   transition period, EQUINOX obtained the personnel files of the existing Sports Club/LA

26   employees at the San Francisco facility, and discovered that Plaintiff had undergone heart

27   surgery in 2013.  Plaintiff is also informed and believes and on that basis alleges that

28   during the transition period, EQUINOX learned from other employees at the San Francisco

1   facility that Plaintiff had undergone heart surgery in 2013.

2       25.   On September 17, 2014, shortly after Plaintiff arrived at work, Brian

3   Guensler, EQUINOX's Regional Director of Personal Training, asked Plaintiff to go with

4   him to an office above the main floor of the club.  Jack Gannon, EQUINOX's West Coast

5   Vice President of Operations was waiting in the office when they arrived, as was another

6   EQUINOX Employee, who worked in Human Resources, whom Plaintiff did not know.

7       26.   During the meeting, Mr. Gannon informed Plaintiff that EQUINOX was

8   terminating him effective immediately, because EQUINOX believed Plaintiff lacked the

9   "skill set" they wanted.  Mr. Gannon informed Plaintiff that EQUINOX would continue to

10  pay Plaintiff for two more weeks, until the end of the transition period for the acquisition,

11  on October 3, 2014, but that Plaintiff was relieved of his duties immediately.  Mr. Gannon

12  instructed Plaintiff to leave the premises immediately after first cleaning his office.  He

13  directed Plaintiff not to return to the facility without authorization from the general

14  manager.  This conduct was despicable and displayed a willful and knowing disregard for

15  Plaintiff's rights and/or subjected Plaintiff to cruel and unjust hardship.

16      27.   Immediately following that conversation, Mr. Guensler escorted Plaintiff

17  from the premises.  While they were walking out, Plaintiff asked Mr. Guensler which skills

18  he and the other EQUINOX managing agents believed Plaintiff lacked.  Mr. Guensler

19  stated, "you are uncomfortable making the hard decisions.  You have been doing this so

20  long that I do not think we can teach you new ways.  You are good with the numbers

21  though."  This statement was despicable and displayed a willful and knowing disregard for

22  Plaintiff's rights and/or subjected Plaintiff to cruel and unjust hardship.

23      28.   EQUINOX's Senior Counsel made a similar statement in an April 16, 2015

24  letter to Plaintiff's Counsel, which stated that EQUINOX made the determination that

25  Plaintiff "was not the right person to dramatically change the style of management

26  imposed on the personal trainers at that club." because Plaintiff "had been running the

27  department in this manner for years."  This statement was despicable and displayed a

28  willful and knowing disregard for Plaintiff's rights and/or subjected Plaintiff to cruel and

1  unjust hardship.

2     29.   In addition to Plaintiff, two other management level employees who were

3  older than 40 (and in fact were older than 50) were terminated on September 17, 2014, the

4  facility's Maintenance Manager, and the facility's Assistant General Manager.  Upon

5  information and belief, no other employees younger than 40 were terminated during the

6  transition period after EQUINOX's acquisition of Sports Club/LA.

7     30.   EQUINOX did not provide Plaintiff with an opportunity to change his

8  allegedly inadequate management style before it terminated him and/or decided not to hire

9  him during the acquisition.

10    31.   Plaintiff's termination was a direct result of EQUINOX's discrimination

11  against him based on his age and perceived disability.  EQUINOX perceived Plaintiff to be

12  too old to fit its marketing image of appealing to young, physically fit, adults.

13  EQUINOX's stated reason for the termination, that Plaintiff had been managing the

14  facility in the same way for so long that it did not feel he could learn "new ways" was a

15  euphemistic way of stating that he was too old to learn the new management style

16  EQUINOX wanted to impose.

17    32.   Similarly, EQUINOX perceived Plaintiff to be a person with a disability

18  because it believed that he had a physical impairment that was not transitory or minor, in

19  that it believed he had a serious heart condition.  EQUINOX terminated Plaintiff because

20  Plaintiff's perceived disability did not fit the image EQUINOX desired to portray to the

21  public of a young, healthy, fit brand.

22    33.   Plaintiff is informed and believes and on that basis alleges that Plaintiff was

23  replaced by a person younger than 40 and who does not have a disability and was not

24  regarded as having a disability.

25    34.   As a direct result of his abrupt and unlawful termination, Plaintiff lost his

26  salary and his health insurance benefits.  Although Plaintiff has worked since his

27  termination from EQUINOX as a private personal trainer, he has not been able to find

28  enough work to obtain the same amount of pay he would have received had he continued

1  in his position at EQUINOX.  He has also had to pay significantly more for health

2  insurance for his family than he would have had to pay had he been able to continue on

3  EQUINOX's health insurance plan.  Plaintiff has also suffered emotional distress as a

4  result of his termination.

5    35.    Mr. Gannon, Mr. Guensler, and the other EQUINOX managing agents

6  involved in Plaintiff's termination acted on behalf of EQUINOX when they decided to

7  terminate Plaintiff's employment.  Their decision was also authorized by EQUINOX's

8  officers and directors, and was sanctioned and endorsed by EQUINOX's Senior Counsel in

9  the letter she sent after Plaintiff's termination.  Mr. Gannon, Mr. Guensler, the other

10  EQUINOX managing agents involved in Plaintiff's termination, and EQUINOX's Senior

11  Counsel acted with a knowing disregard for Plaintiff's rights when terminating and/or not

12  hiring him due to his age and their perception of his disability, and engaged in despicable

13  conduct by subjecting Plaintiff to cruel and unjust hardship in knowing disregard of his

14  rights.

15  **FIRST CLAIM FOR RELIEF**
   **(Age Discrimination in Violation of California Fair Employment and Housing Act—**
16  **Against All Defendants)**

17    36.    Plaintiff re-alleges and incorporates by reference herein all allegations

18  previously made in Paragraphs 1 through 35, above.

19    37.    EQUINOX conducts business in California and regularly employs more than

20  five individuals, and is thus subject to suit under the California Fair Employment and

21  Housing Act, Government Code sections 12900 et seq. ("FEHA").

22    38.    Plaintiff was an employee of EQUINOX's predecessor company, Sports

23  Club/LA, and was either discharged from his employment with EQUINOX after

24  EQUINOX acquired Sports Club/LA in 2014, or was not hired by EQUINOX during the

25  acquisition of Sports Club/LA in 2014.

26    39.    Plaintiff was 61 years old at the time of his termination by EQUINOX or

27  EQUINOX's decision not to hire him.

28    40.    Plaintiff's age was a substantial motivating reason in EQUINOX's decision

1   to discharge or not hire him.

2       41.   EQUINOX's termination of Plaintiff, or its decision not to hire him, as

3   alleged above, constituted unlawful discrimination on account of age, in violation of

4   California Government Code section 12940, subd. (a).

5       42.   EQUINOX's discriminatory actions, as alleged above, were a substantial

6   factor in causing Plaintiff harm.

7       43.   As a direct and proximate result of EQUINOX's conduct, Plaintiff has

8   suffered the loss of wages, salary, and benefits he would have received had his

9   employment not been wrongfully terminated.  As a result of such discrimination and

10  consequent harm, Plaintiff has suffered such damages in amounts to be determined

11  according to proof at trial.

12      44.   As a further direct and proximate result of EQUINOX's conduct, Plaintiff

13  has suffered humiliation and emotional distress.  As a result of such discrimination and

14  consequent harm, Plaintiff has suffered such damages in amounts to be determined

15  according to proof at trial.

16      45.   EQUINOX's discriminatory actions were committed with malice, fraud, or

17  oppression, and in reckless disregard of Plaintiff's rights.  Defendants authorized, ratified,

18  and directed the supervisory employees identified above to discharge Plaintiff in violation

19  of the FEHA. As such, Plaintiff is entitled to punitive damages under law.

20      WHEREFORE Plaintiff prays for judgment as described below.

21              **SECOND CLAIM FOR RELIEF**
    **(Disability Discrimination in Violation of California Fair Employment and Housing**
22              **Act—Against All Defendants)**

23      46.   Plaintiff re-alleges and incorporates by reference herein all allegations

24  previously made in Paragraphs 1 through 45, above.

25      47.   EQUINOX conducts business in California and regularly employs more than

26  five individuals, and is thus subject to suit under the California Fair Employment and

27  Housing Act. Government Code sections 12900 et seq. ("FEHA").

28      48.   Plaintiff was an employee of EQUINOX's predecessor company, Sports

9
COMPLAINT

1   Club/LA, and was either discharged from his employment with EQUINOX after

2   EQUINOX acquired Sports Club/LA in 2014, or was not hired by EQUINOX during the

3   acquisition of Sports Club/LA in 2014.

4         49.   As alleged above, EQUINOX knew, through its agents, that Plaintiff had a

5   physical condition that required him to take time off for surgery.  EQUINOX also

6   perceived Plaintiff to be a person with a significant, non-transitory disability.

7         50.   As alleged above, at all relevant times, Plaintiff was able to perform the

8   essential duties of his jobs with or without reasonable accommodations.

9         51.   Plaintiff's history of a disabling medical condition and/or EQUINOX's

10   perception that he was a person with a disability was a substantial motivating reason for

11   EQUINOX's decision to discharge him.

12         52.   EQUINOX's termination of Plaintiff, or its decision not to hire him, as

13   alleged above, constituted unlawful discrimination on account of disability, in violation of

14   California Government Code section 12940, subd. (a).

15         53.   EQUINOX's termination of Plaintiff, or its decision not to hire him, as

16   alleged above, constituted unlawful discrimination on account of disability and violated

17   California Government Code section 12921's prohibition on an employer discriminating

18   against individuals by limiting their "opportunity to seek, obtain, and hold employment

19   without discrimination because of ... physical disability, mental disability, [or] medical

20   condition."

21         54.   EQUINOX's discriminatory actions, as alleged above, were a substantial

22   factor in causing Plaintiff harm.

23         55.   As a direct and proximate result of EQUINOX's conduct, Plaintiff has

24   suffered the loss of wages, salary, and benefits he would have received had his

25   employment not been wrongfully terminated.  As a result of such discrimination and

26   consequent harm, Plaintiff has suffered such damages in amounts to be determined

27   according to proof at trial.

28         56.   As a further direct and proximate result of EQUINOX's conduct, Plaintiff

1  has suffered humiliation and emotional distress.  As a result of such discrimination and

2  consequent harm, Plaintiff has suffered such damages in amounts to be determined

3  according to proof at trial.

4       57.    EQUINOX's discriminatory actions were committed with malice, fraud, or

5  oppression, and in reckless disregard of Plaintiff's rights.  EQUINOX authorized, ratified,

6  and directed the supervisory employees identified above to discharge Plaintiff in violation

7  of the FEHA.  As such, Plaintiff is entitled to punitive damages under law.

8      WHEREFORE Plaintiff prays for judgment as described below.

9                 **THIRD CLAIM FOR RELIEF**
           **(Declaratory Relief – Against All Defendants)**

10

11       58.    Plaintiff re-alleges and incorporates by reference herein all allegations

12  previously made in Paragraphs 1 through 57, above.

13       59.    An actual controversy has arisen between Plaintiff, on the one hand, and

14  EQUINOX, on the other hand, as to their respective rights, remedies and obligations.

15  Specifically, Plaintiff contends and EQUINOX denies that EQUINOX terminated Plaintiff

16  because he was over 40 years old and because he was a person with a disability or was

17  perceived to be a person with a disability, and that EQUINOX has an illegal policy

18  pursuant to which it terminates older workers and workers with disabilities, and that

19  EQUINOX fails to take all reasonable steps to prevent discrimination.

20       60.    A judicial declaration is necessary and appropriate so that all parties may

21  know their respective rights and act accordingly.

22       61.    Plaintiff seeks a declaration that EQUINOX has violated the FEHA by

23  terminating and/or refusing to hire Plaintiff, and that EQUINOX has a corporate policy of

24  terminating older workers and/or workers with disabilities.

25      WHEREFORE Plaintiff prays for judgment as described below.

26                    **PRAYER FOR RELIEF**

27      WHEREFORE Plaintiff MICHAEL ANDREWS prays for judgment against

28  Defendants EQUINOX HOLDINGS, INC., and DOES 1 to 10, inclusive, and each of

1   them, as follows:

2       1.      For compensatory and special damages, according to proof, including lost

3   earnings, back and front pay, accrued and unpaid vacation, and health and other

4   employment benefits, and damages for emotional distress and humiliation;

5       2.      For interest on lost earnings and benefits at the prevailing legal rate;

6       3.      For punitive damages in an amount appropriate to punish defendants and

7   deter others from engaging in similar misconduct;

8       4.      For an award to Plaintiff of his reasonable attorneys' fees and costs of suit,

9   including expert fees and costs; and

10      5.      For such other and further relief as this Court may deem just and proper.

11                          **DEMAND FOR JURY TRIAL**

12      Plaintiffs hereby demand a trial by jury.

13

14  DATED:  December 27, 2019          Respectfully submitted,

15                                     ROSEN BIEN GALVAN & GRUNFELD LLP

16

17                                     By: _____

18                                         Jenny S. Yelin

19                                     Attorneys for Plaintiff MICHAEL ANDREWS

20

21

22

23

24

25

26

27

28

# Exhibit A



STATE OF CALIFORNIA | State and Consumer Services Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

GOVERNOR EDMUND G. BROWN, JR

DIRECTOR PHYLLIS W. CHENG

EEOC Number: 550-2015-00961C
Case Name:    Michael Andrews vs. EQUINOX HOLDINGS INC
Filing Date:    August 18, 2015

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

This letter is also your Right to Sue notice. <u>This Right-To-Sue Notice allows you to file a private lawsuit in State court</u>. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC using the contact information below.

EEOC Northern California
450 Golden Gate Ave 5-West
PO Box 36025
San Francisco, CA 94102
(415) 522-3000

EEOC Southern California
255 East Temple Ste., 4th Floor
Los Angeles, CA 90012
(213) 894-1100

DFEH-200-02 (01/13)

# Exhibit B

EEOC Form 161-A (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To:  Michael Andrews

From:  San Francisco District Office
450 Golden Gate Avenue
5 West, P.O. Box 36025
San Francisco, CA 94102

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 550-2015-00961 | Scott H. Doughtie,<br>Enforcement Supervisor | (415) 522-3179 |

### TO THE PERSON AGGRIEVED: ·

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
William R. Tamayo,
District Director

10/08/2019
(Date Mailed)

Enclosures(s)

cc:   Patricia Wencelblat
Senior Counsel
Equinox Holdings, Inc.
895 Broadway
New York, NY 10003

Jenny Yelin
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, CA 94105

# Exhibit C





# MAKE THE IMPOSSIBLE HAPPEN

Together, you and your dedicated personal trainer break records, tear down walls, and unlock the extraordinary. At every step, you're driven by passionate trainers backed by the latest science and our industry-leading institute. Our program. Your results.

## First, we find your partner

It all starts with you and your Equinox trainer. For over 25 years, we've paired hundreds of thousands of members with expert trainers that know how to design a program to support your unique goals, passions, and personality.



## Second, we make your plan

Real metrics lead to real results. Our trainers combine data from your Equifit, our 1-hour fitness assessment, with information about your lifestyle to build a program that is specific to you and your goals.

## Last, we start the work

Results are not a nice-to-have. They're everything. And our trainers thoughtfully increase the challenge of your training to ensure you never reach a plateau and are always making progress.



YOUR TRAINER
THEIR MANTRA
YOUR MOTIVATION

Real members. Real change. Watch these Equinox members do the impossible—driven by a few choice words from their trainers, at the exact moment they need them.



EQUINOX

© High Performance Living

Locations  Classes  Personal Training  Pilates  Shop  Spa  Member Benefits  Visit A Club  Chat  @  STUDIOS  NOTES  Join

LOCATIONS

**Malcolm**

An Olympic 2020 karate hopeful, Malcolm had his trainer Eric focus on strength, endurance, and reflexes. So he could prove it on the mat.

▲

**Kristine**

Kristine had to get out of her own head to get stronger. Her trainer Wendel took her there by showing how far she's come.

▲

CASE NUMBER: CGC-19-581860  MICHAEL ANDREWS VS. EQUINOX HOLDINGS, INC. A DE

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:    MAY-27-2020

TIME:    10:30AM

PLACE:   Department 610
         400 McAllister Street
         San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

Superior Court Alternative Dispute Resolution Administrator
400  McAllister Street, Room 103-A
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to trial.

### WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

### WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

### 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) **MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF)**, in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) **JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) **PRIVATE MEDIATION**: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) **COMMUNITY BOARDS MEDIATION SERVICES**: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

|  | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:<br>ATTORNEY FOR (Name):<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514<br>PLAINTIFF/PETITIONER<br>DEFENDANT/RESPONDENT |  |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER _____<br>**DEPARTMENT 610** |

1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐   Other ADR process (describe) _____

2)   The parties agree that the ADR Process shall be completed by (date): _____
3)   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated _____ | Dated _____ |

☐   *Additional signature(s) attached*

STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Sanford J. Rosen, 062566, Gay Crosthwait Grunfeld, 121944<br>Jenny S. Yelin, 273601<br>101 Mission Street, 6th Floor<br>San Francisco, CA 94105<br>TELEPHONE NO. 4154336830      FAX NO. 4154337104<br>ATTORNEY FOR *(Name)*: Michael Andrews | ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br>DEC 27 2019<br>CLERK OF THE COURT<br>BY ROSSALY DE LA VEGA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Andrews v. Equinox Holdings, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-19-581860 |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [✓] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*:  Three
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 27, 2019
Jenny S. Yelin
_____          _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CIVIL CASE COVER SHEET

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CIVIL CASE COVER SHEET

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| JENNY S. YELIN | SBN: 273601<br>Rosen, Bien, Galvan & Grunfeld LLP<br>101 Mission Street, Sixth Floor   San Francisco, CA 94105 | |

TELEPHONE NO.: (415) 433-6830 | FAX NO. | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

**Superior Court of California County of San Francisco**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**01/06/2020**
**Clerk of the Court**
BY: ANGELICA SUNGA
Deputy Clerk

PLAINTIFF/PETITIONER:  MICHAEL ANDREWS

DEFENDANT/RESPONDENT:  EQUINOX HOLDINGS, INC., A DELAWARE
CORPORATION et al.

CASE NUMBER:
CGC-19-581860

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
1092-1

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice to Plaintiff
3. a.  Party served *(specify name of party as shown on documents served):*
      **EQUINOX HOLDINGS, INC., A DELAWARE CORPORATION**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
         item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
         **GKL Corporate/Search, Inc. by it's employee Clint Congdon - Authorized Agent**

4. Address where the party was served:  **ONE CAPITOL MALL, SUITE 660**
      **SACRAMENTO, CA 95814**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party (1) on *(date):* 12/30/2019   (2) at *(time):* **12:49 PM**

   b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
            person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
            abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed him of
            her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
            place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
            *(date):*  from *(city):*                                        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/P177956

| PETITIONER: MICHAEL ANDREWS | CASE NUMBER: |
|---|---|
| RESPONDENT: EQUINOX HOLDINGS, INC., A DELAWARE CORPORATION et al. | CGC-19-581860 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                   (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **EQUINOX HOLDINGS, INC., A DELAWARE CORPORATION**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **MICHAEL LYNN HENRY - Specialized Legal Services, Inc.**

b. Address: **1112 Bryant St., Suite 200  San Francisco, CA 94103**

c. Telephone number: **(415) 357-0500**

d. The fee for service was: **$ 170.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

    (i) ☐ owner    ☐ employee    ☑ independent contractor.

    (ii) Registration No.: **2019-24**

    (iii) County: **SACRAMENTO**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **12/30/2019**

**Specialized Legal Services, Inc.**
1112 Bryant St., Suite 200
San Francisco, CA 94103
(415) 357-0500
www.specializedlegal.com/

| MICHAEL LYNN HENRY | |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

# EXHIBIT 2

1   Dylan B. Carp (State Bar No. 196846)
    JACKSON LEWIS P.C.
2   50 California Street, 9th Floor
    San Francisco, California  94111-4615
3   Telephone       (415) 394-9400
    Facsimile:       (415) 394-9401
4   E-mail:          Dylan.Carp@jacksonlewis.com

5   Attorney for Defendant
    EQUINOX HOLDINGS, INC.
6

**ELECTRONICALLY**
**FILED**
*Superior Court of California,*
*County of San Francisco*

**01/16/2020**
**Clerk of the Court**
BY: MADONNA CARANTO
Deputy Clerk

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF SAN FRANCISCO

10

11  MICHAEL ANDREWS,                        Case No. CGC-19-581860

12              Plaintiff,                  **DEFENDANT EQUINOX HOLDINGS,**
                                            **INC.'S ANSWER TO COMPLAINT**
13      v.                                  **AND AFFIRMATIVE DEFENSES**

14  EQUINOX HOLDINGS, INC., a Delaware
    corporation; and DOES 1 to 10, inclusive,   Complaint Filed:   December 27, 2019
15                                              Trial Date:        None Set
                Defendants.
16

17

18      Defendant EQUINOX HOLDINGS, INC. ("Defendant") hereby answers the unverified

19  Complaint filed by Plaintiff MICHAEL ANDREWS ("Plaintiff") as follows.

20                              **GENERAL DENIAL**

21      Defendant responds to Plaintiff's unverified Complaint pursuant to California Code of Civil

22  Procedure section 431.30(d) and generally denies each and every allegation set forth in the

23  Complaint.  Defendant further denies that Plaintiff is entitled to any of the relief requested in the

24  Complaint; denies that Defendant is guilty of any wrongful conduct or omission, whether alleged

25  or otherwise; and denies that any conduct or omission by Defendant, its employees, or its agents

26  caused any injury or damage to Plaintiff in the amount alleged, an amount to be alleged, or

27  otherwise claimed. Pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies,

28  generally and specifically, each and every allegation contained in Plaintiffs' unverified complaint.

1

## AFFIRMATIVE DEFENSES

2     Defendant hereby states the following defenses to the Complaint, but does not assume the

3 burden of proof on any such defense except as required by applicable law. Defendant reserves the

4 right to assert additional defenses or otherwise supplement this Answer upon discovery of facts or

5 evidence rendering such action appropriate.

6

## FIRST AFFIRMATIVE DEFENSE

7

### *Failure to State a Cause of Action*

8     The Complaint as a whole, and each cause of action alleged therein, fails to state facts

9 sufficient to constitute a cause of action against Defendant upon which relief may be granted.

10

## SECOND AFFIRMATIVE DEFENSE

11

### *Statute of Limitations*

12     Each cause of action in the Complaint is barred in whole or in part by all applicable statutes

13 of limitation, including but not limited to those set forth in California Code of Civil Procedure §§

14 335.1, 340(a), 340(b), 343, 338, and 338.1, California Government Code

15 §§ 12960 and/or 12965(b), and other applicable law.

16

## THIRD AFFIRMATIVE DEFENSE

17

### *At-Will Employment*

18     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

19 barred to the extent Plaintiff's employment was for an unspecified duration and therefore, pursuant

20 to Labor Code § 2922, terminable at will, with or without cause, in Defendant's sole discretion.

21

## FOURTH AFFIRMATIVE DEFENSE

22

### *Same Decision, No But-For Causation*

23     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

24 barred because assuming arguendo that discriminatory or retaliatory reasons had been a motivating

25 factor in any employment decisions toward Plaintiff (which Defendant denies), Defendant would

26 have made the same employment decisions toward Plaintiff for legitimate, non-discriminatory,

27 non-retaliatory business reasons. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

28 ///

1

## FIFTH AFFIRMATIVE DEFENSE

2

*Failure to Use Ordinary Care*

3   Any recovery on Plaintiff's Complaint, and each purported claim for relief alleged therein,

4   is barred, in whole or in part, by California Labor Code §§ 2854, 2856, 2857, and 2922, in that

5   Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to

6   comply substantially with the reasonable directions of his employer.

7

## SIXTH AFFIRMATIVE DEFENSE

8

*Exercise of Reasonable Care*

9   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

10   barred in whole or in part because Defendant exercised reasonable care to prevent and correct

11   promptly any alleged discriminatory, harassing or retaliatory behavior.

12

## SEVENTH AFFIRMATIVE DEFENSE

13

*Privileged*

14   Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was

15   privileged and/or justified under California law and occurred in good faith based upon good cause

16   and for valid business reasons.  Moreover, Plaintiff has not shown that he has suffered any harm

17   due to Defendant's conduct.

18

## EIGHTH AFFIRMATIVE DEFENSE

19

*Punitive Damages*

20   Plaintiff's punitive damages claim is barred because Defendant at no time engaged in

21   discriminatory practices or actions intentionally, with malice, and/or with reckless disregard to

22   Plaintiff's or other employees' statutory rights.

23

## NINTH AFFIRMATIVE DEFENSE

24

*Failure to Exhaust Administrative Remedies*

25   The Complaint, and each cause of action therein, is barred for failure to exhaust

26   administrative remedies.

27   ///

28   ///

1

### TENTH AFFIRMATIVE DEFENSE

2

*Failure to Mitigate*

3  Defendant alleges that Plaintiff has failed to exercise care and diligence to mitigate any

4  alleged damages Plaintiff may have suffered as a consequence of Defendant's alleged actions.

5  Moreover, any recovery is barred or limited and restricted by Plaintiff's failure to mitigate or take

6  reasonable steps necessary to mitigate his damages.

7

### ELEVENTH AFFIRMATIVE DEFENSE

8

*Waiver, Estoppel, Consent, Unclean Hands*

9  The Complaint, and each alleged cause of action contained therein, is barred by the

10  equitable doctrines of waiver, estoppel, consent, and unclean hands.

11

### TWELFTH AFFIRMATIVE DEFENSE

12

*Laches*

13  Plaintiff's claims are barred to the extent that Plaintiff unreasonably delayed in bringing

14  this action against Defendant.

15

### THIRTEENTH AFFIRMATIVE DEFENSE

16

*After-Acquired Evidence*

17  To the extent discovery may disclose information which could serve as a basis for the

18  termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired

19  evidence doctrine.

20

### FOURTEENTH AFFIRMATIVE DEFENSE

21

*Offset*

22  Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost

23  wages must be offset or reduced, to the extent Defendant has already compensated him for the

24  alleged wage violations or compensated him in excess of what was required by law. Defendant is

25  entitled to a set-off for amounts Plaintiff owes Defendant for receipt of any wages and other benefits

26  to which he was not entitled and/or did not earn.

27  ///

28  ///

4

1

### FIFTEENTH AFFIRMATIVE DEFENSE

2

*Failure to Exercise Reasonable Care/Avoidable Consequences*

3   Plaintiff's Complaint is barred because to the extent that any wrongful actions of Defendant

4   could be construed as unlawful (which Defendant denies), Defendant exercised reasonable care to

5   prevent such conduct and would have taken immediate and appropriate corrective action to remedy

6   and stop any such alleged misconduct if Plaintiff had informed it about the alleged misconduct.

7   However, Plaintiff failed to utilize the preventive or corrective remedies provided to prevent and

8   to otherwise avoid such harm.  Plaintiff's claims are therefore barred in whole or limited in part by

9   the doctrine of avoidable consequences.

10

### RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

11   Plaintiff has failed to set out his claims, counts, and causes of action, if any, with sufficient

12   particularity to permit Defendant to raise all potentially appropriate defenses, and thus Defendant

13   reserve the right to state additional affirmative defenses as the bases for Plaintiff's purported claims,

14   counts, and causes of action become known.

15

### PRAYER FOR RELIEF

16   WHEREFORE, Defendant prays for judgment against Plaintiff, as follows:

17   1. That judgment be awarded in favor of Defendant and against Plaintiff, and that the

18   Complaint be dismissed with prejudice in its entirety;

19   2. That Plaintiff take nothing by the Complaint;

20   3. That Defendant be awarded reasonable attorneys' fees, expert witness fees, and costs of

21   suit; and

22   4. For such other and further relief as the Court shall deem just and proper.

23

24   Dated: January 16, 2020                    JACKSON LEWIS P.C.

25

26                                             By: _____
                                                   Dylan B. Carp
27                                                 Attorney for Defendant
                                                   EQUINOX HOLDINGS, INC
28

<u>**PROOF OF SERVICE – for e-service**</u>

I, Marilou R. Barairo, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On January 16, 2020, I caused to be e-served the attached document, **DEFENDANT EQUINOX HOLDINGS. INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**, in this action by uploading a true and correct copy thereof, in PDF format, for electronic filing and service by File&Serve Xpress (a court-approved Electronic Filing Service Provider), pursuant to Local Rule 2.11.  Said document to be *e-filed* with the Court, *e-served* and served by mail on Plaintiff's counsel of record, whose contact information is as follows:

| | |
|---|---|
| Sanford Jay Rosen, Esq.<br>GA Crosthwait Grunfeld<br>Jenny S. Yelin, Esq.<br>Rosen Bien Galvan & Grunfeld LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, CA  94105-1738<br>Telephone:  (415) 433-6830<br>Facsimile:  (415) 433-7104<br>E-mail:   srosen@rbgg.com<br>         ggrunfeld@rbgg.com<br>         jyelin@rbgg.com | *Attorney for Plaintiff* |

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on January 16, 2020, at San Francisco, California.

*Marilou R. Barairo*
Marilou R. Barairo

# EXHIBIT 3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY COSBY,

        Plaintiff,

    v.

AUTOZONE, INC., JIM KULBACKI
and DOES 1-100, inclusive,

        Defendants.

_____/

NO. CIV. S-08-505 LKK/DAD

O R D E R

    The court is in receipt of Plaintiff's acceptance of remittitur, ECF No. 199. Plaintiff has accepted the court's remittitur of Plaintiff's economic damage award from $174,000.00 to $4,917.60, and the court's remittitur of Plaintiff's non-economic damage award from $1,326,000 to $250,000.00.

    Accordingly, JUDGMENT IS HEREBY ENTERED in accordance with Plaintiff's acceptance of remittitur, as of the date of Plaintiff's filed acceptance of remittitur, October 3, 2012.

////

1

1      Plaintiff's motion for attorney fees and costs, ECF No. 107,
2  was stayed pending resolution of Defendant's appeal, <u>see</u> Order, ECF
3  No. 147, and remains pending.  Plaintiff SHALL re-notice his motion
4  for attorney fees and costs, pursuant to Eastern District of
5  California Local Rule 230(b) (2012), submitting updated affidavits
6  with regard to attorney costs and fees.
7      IT IS SO ORDERED.
8      DATED:  October 29, 2012.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# FILED

FEB 1 2 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


RANDY COSBY,

       Plaintiff,

    v.

AUTOZONE, INC.,

       Defendant.

_____/

NO. CIV. S-08-505 LKK/DAD

V E R D I C T

We, the jury in the above-entitled case, find as follows:

**FAILURE TO ENGAGE IN INTERACTIVE PROCESS OF ACCOMMODATION**

    1.   Did Randy Cosby have a physical disability that limited his ability to drive, work or sleep?

    ___✓___   YES          _____   NO

    If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2.   Did Randy Cosby request that AutoZone make reasonable accommodation for his physical disability so he would be able to perform the essential job requirements?

1

1     ✓    YES     _____    NO

2     If your answer to question 2 is yes, then answer question 3.

3 If you answered no, stop here, answer no further questions, and

4 have the presiding juror sign and date this form.

5     3.    Was Randy Cosby willing to participate in an interactive

6 process to determine whether reasonable accommodation could be made

7 so that he would be able to perform the essential job requirements?

8     ✓    YES     _____    NO

9     If your answer to question 3 is yes, then answer question 4.

10 If you answered no, stop here, answer no further questions, and

11 have the presiding juror sign and date this form.

12     4.    Did AutoZone fail to participate in a timely, good-faith

13 interactive process with Randy Cosby to determine whether

14 reasonable accommodations could be made?

15     ✓    YES     _____    NO

16     If your answer to question 4 is yes, then answer question 5.

17 If you answered no, stop here, answer no further questions, and

18 have the presiding juror sign and date this form.

19     5.    Was AutoZone's failure to participate in a good-faith

20 interactive process a substantial factor in causing harm to Randy

21 Cosby?

22     ✓    YES     _____    NO

23     If your answer to question 5 is yes, then answer question 6.

24 If you answered no, stop here, answer no further questions, and

25 have the presiding juror sign and date this form.

26 ////

1  6.    What are Randy Cosby's damages?

2        ECONOMIC LOSSES:

3        Past Lost Wages and Benefits:        $ _174,000.00_

4        MENTAL SUFFERING:

5            Past Mental Suffering:        $ _1,326,000.00_

6        7.    By clear and convincing evidence, did an agent or

7  employee of AutoZone engage in the conduct with malice, oppression

8  or fraud?

9        _✓_  YES        _____  NO

10       After answering number 7, then proceed to the next question.

11       8.    By clear and convincing evidence, did one or more

12 officers, directors or managing agents of AutoZone authorize this

13 conduct?

14       _____  YES        _✓_  NO

15

16

17 DATED:  _2/12/10_                    _Ken Lowe_
                                        FOREPERSON
18

19

20

21

22

23

24

25

26

                            3