UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREWS,<br><br>  Plaintiff,<br><br>  v.<br><br>EQUINOX HOLDINGS, INC.,<br><br>  Defendant. | Case No. 20-cv-00485-SK<br><br>**ORDER ON MOTION FOR ATTORNEY FEES AND COSTS**<br><br>Regarding Docket No. 100 |

This matter comes before the Court upon consideration of the motion by Plaintiff Michael Andrews for attorneys' fees and costs. Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion for the reasons set forth below. The Court FURTHER ORDERS that it need not rule on Defendant Equinox Holdings, Inc.'s evidentiary objections because the Court was not required to consider the content of any communications regarding settlement in determining this motion.

**BACKGROUND**

After litigating this case for almost three years, and after an extensive investigation by the Equal Employment Opportunity Commission ("EEOC") in which the EEOC found reasonable cause that Defendant discriminated against Plaintiff based on his age, Defendant Equinox Holdings, Inc. provided an offer of judgment under Federal Rule of Civil Procedure 68 on Plaintiff's claim for age discrimination under the California Fair Housing and Employment Act ("FEHA") in the amount of $162,000, plus costs and reasonable attorneys' fees. Plaintiff accepted the offer of judgment and now moves to be awarded his attorneys' fees and costs. Defendant argues that the rate of attorneys' fees and the number of hours expended by Plaintiff's Counsel, Rosen Bien Galvan & Grunfeld LLP ("Counsel"), are excessive, that Counsel is not entitled to any

enhancement, and that Counsel waived its right to recover costs by failing to file a bill of costs.

**ANALYSIS**

Defendant does not dispute Plaintiff's right to recover his attorneys' fees but vigorously disputes the amount he seeks to recover. In diversity actions, the Ninth Circuit "has applied state law in determining not only the right to fees, but also in the method of calculating the fees." *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Awarding reasonable attorneys' fees under FEHA "accomplishes the Legislature's expressly stated purpose of FEHA to provide effective remedies that will eliminate [] discriminatory practices." *Horsford v. Bd. of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005) (internal quotation marks omitted).

Under California law, "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney involved." *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001) (internal quotation, citation and alteration omitted); *see also PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) (determining what constitutes reasonable attorneys' fees "ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate."). "The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group*, 22 Cal. 4th at 1095 (citations omitted).

Upon review of the Counsel's supporting evidence, the Court finds that the rates of and hours expended by Counsel were reasonable.

**A.    Hours Expended.**

"[A]bsent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent* . . . ." *Ketchum*, 24 Cal. 4th at 1133 (emphasis in original). Here, the Court finds that the time Counsel expended litigating this matter was reasonable. Despite the three-year investigation by the EEOC and finding of reasonable cause, Defendant vigorously defended itself by litigating this case for another almost three years, including bringing a motion for summary judgment. Counsel meticulously documented the hours expended on this case and did not engage in block billing. Defendant

1  argues that Counsel over-litigated this case because Counsel expended more time than Defendant
2  did in defending itself. However, notably, Defendant does not include the time its in-house
3  counsel expended on this case. Additionally, considering that Plaintiff bore the burden of proof
4  and that Plaintiff was ultimately successful, it is understandable that Counsel expended more time
5  than Defendant.

6  While Defendant downplays that it proffered an offer of Judgment or the timing of when it
7  made its Rule 68 offer, the Court finds it significant that Defendant provided the offer after
8  defending this case for six years, including both the EEOC investigation and litigation in this
9  Court, after bringing a motion for summary judgment and a motion to bifurcate, and after
10 participating in both mediation and a settlement conference. Defendant made the Rule 68 offer on
11 August 23, 2021, and the pretrial conference was scheduled for October 1, 2021 (Dkt. No. 81, Dkt.
12 No. 100-1, ¶ 78.) Plaintiff had already started preparing for the pretrial conference and trial when
13 Defendant made the Rule 68 offer. (Dkt. No. 100-1, ¶ 78.)

14 In addition, the Court has reviewed the billing and, combined with all the factors above,
15 finds that the hours expended by Counsel were well-documented and reasonable.

### B. Attorney Rates.

Next, Defendant challenges the rates charged by Counsel. To determine whether Counsel's hourly rates are reasonable, the Court looks to the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Ketchum*, 24 Cal. 4th at 1133. Counsel, as the fee applicant, bears "the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454-55 (9th Cir. 2010) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)). Additionally, in calculating the lodestar, counsel may use their current hourly rates at the time of the fee motion. *See, e.g.*, *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) (noting that "[f]ull compensation

3

requires charging current rates for all work done during the litigation, or by using historical rates enhanced by an interest factor").

Counsel is seeking its 2021 rates for the attorneys and paralegals who worked on this matter: (1) Partner Sanford Jay Rosen, class of 1962 – $1,250; (2) Partner Ernest Galvan, class of 1997 – $875; (3) Senior Counsel Jenny S. Yelin, class of 2010 – $600; (4) Associate Adrienne Harrold, class of 2018 – $350; (4) Summer Associates Grace Ann Brew and Alexandra Daniels – $300; (5) Paralegal Cate Johnson – $275; and (6) Paralegal Clerk Adam Dean – $240. Counsel submits multiple declarations attesting that Counsel's billing rates are well within the range of the prevailing market rates in the Bay Area for work of similar complexity by lawyers of similar skill and experience. (Dkt. No. 100-4 (Declaration of Richard M. Pear), ¶¶ 9-21; Dkt. No. 100-1, ¶¶ 42-45; Dkt. No. 100-4 (Declaration of Lawrence A. Organ), ¶ 21.) As another Court in this District recently explained regarding a fee application by Counsel in another case:

> [T]he Court places significant weight on the opinion of Mr. Pearl that the rates charged by all of the timekeepers listed above are reasonable and "'in line with the rates' charged by law firms that engage in federal civil litigation in the San Francisco Bay Area." Pearl Dec. ¶ 13. Mr. Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California (including the undersigned) in determining reasonable billing rates. *Id.* ¶¶ 5-7 (describing experience and listing cases in which courts have relied upon Mr. Pearl's opinions).

*See Human Rights Defense Center v. County of Napa*, 2021 WL 1176640, *11 (N.D. Cal. Mar. 28, 2021). This Court similarly finds Pearl's opinions well supported and persuasive.

The Court also finds it significant that other courts, including courts in this District, have approved of the Counsel's billing rates. *See Human Rights Defense Center*, 2021 WL 1176640 at *11 (approving Counsel's 2020 rates, including Rosen's 2020 rate of $1,100 and finding it significant "that numerous judges in this district have found that [Counsel's] . . . are reasonable ); *see also* Dkt. No. 100-1, ¶ 45 (listing cases federal and state courts in Bay Area approving Counsel's fee requests).

Also important is that Counsel's fee-bearing clients pay the same rates Counsel seeks here, including Sanford's 2020 billing rate of $1,100. (*Id.*, ¶ 41, 45.) *See Polee v. Cent. Contra Costa*

4

*Transit Auth.*, 2021 WL 308608 (N.D. Cal. Jan. 29, 2021) ("A court may consider an attorney's actual billing rate when determining a reasonable rate."); *see also White v. City of Richmond*, 713 F.2d 458, 461 (9th Cir. 1983), *disapproved on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 718 n. 4 (1987).

Defendant only challenges the rate charged by Rosen and argues that he should be capped at his 2020 rate of $1,100, instead of his 2021 rate of $1,250. To support its argument, Defendant points to the billing rate of its counsel of "comparable skill and experience." (Dkt. No. 101 at p. 11.) However, strikingly, Defendant does not disclose the billing rate of its lead counsel, Dylan N. Carp. Instead, Defendant only mentions the billing rate of a principal Bren K. Thomas, who was admitted to the California bar in 1991, *almost thirty years after* Rosen started practicing law.

Plaintiff's lead counsel, Sanford Jay Rosen, has been practicing law since 1962, has argued before the United States Supreme Court five times and before nine of the Circuit Courts more than thirty times, and has been repeatedly recognized as a top-tier attorney. (Dkt. No. 100-1 (Declaration of Sanford Jay Rosen), ¶¶ 6, 8, Ex. A.) Rosen has testified as an expert on attorneys' fees and has been recognized by federal and state courts as an expert on attorneys' fees matters. (*Id.*, ¶¶ 8, 37, 39-41.) As discussed above, Counsel submits declarations by attorneys who are experienced in attorneys' fees matters who opine that Counsel's, including Rosen's, fees are reasonable, other courts have found Counsel's fees reasonable, and fee-paying clients have paid Counsel's rates. Counsel have demonstrated that their requested rates are within the range of prevailing rates for attorneys in the Bay Area of comparable skill, qualifications, reputation, and experience paid hourly in non-contingent cases and Defendant fails to rebut this evidence.

**C.      Multiplier.**

The Court finds that the lodestar should be multiplied to reflect the contingency nature of the fee award. California courts regularly award multipliers in contingency matters. *Caldera v. Dept. of Corr. & Rehab.*, 48 Cal. App. 5th 601, 607 (2020) ("In most contingency cases, courts may then increase the lodestar amount by applying a multiplier."). As the California Supreme Court explained that a "contingent fee must be higher than a fee for the same legal services paid as they are performed." *Ketchum,* 24 Cal.4th at 1132-33 (internal citation and quotation omitted).

The Court further explained that the "contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services" and that the "implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans." *Id*. (internal citation and quotation omitted). The consequences of failing to reward that risk by failing to apply a multiplier is that "competent counsel will be reluctant to accept fee award cases." *Id*. (internal citation and quotation omitted). Here, a multiplier is therefore appropriate.

Defendant argues that Plaintiff only had limited success because the amount it offered in damages – $162,000 – is less than what Plaintiff had requested in past settlement demands, did not include non-economic recovery requested by the EEOC, and did not include Plaintiff's requested declaration that Defendant discriminated against him. However, Plaintiff recovered the equivalent of two years of the salary that he had received. (Dkt. No. 100-3 (Declaration of Michael Romero Andrews), ¶ 3.) In light of the risk of losing if he went to trial, Plaintiff believed it was a good settlement. He also found it important that accepting the Rule 68 offer resulted in a public record that Defendant paid him what he characterizes as "substantial" damages and that Defendant will pay his attorneys' fees. (*Id*.) In other words, the public acceptance of Defendant's Rule 68 Offer provided Plaintiff with what he believes is the equivalent of the non-economic relief he was seeking. (*Id*., ¶ 4.)

Defendant seeks to downplay the risk Counsel incurred in taking this matter on a contingent basis by noting the EEOC's determination that there was a reasonable basis to find that Defendant discriminated against Plaintiff. (Dkt. No. 101, p. 19.) However, despite the EEOC's determination, Defendant defended itself vigorously and denied that it discriminated against Plaintiff for an additional three years in this Court. And even though Defendant made a Rule 68 offer, Defendant still argues that it did nothing wrong and merely provided a Rule 68 offer to limit Counsel's attorneys' fees if successful at trial. (Dkt. No. 101 at pp. 5-6.) The tenacity and length of Defendant's defense undermines its argument that Counsel did not incur much risk. If Defendant truly believed that Plaintiff had a good chance of prevailing in light of the EEOC's determination, then it likely would have made a Rule 68 offer much sooner.

6

1    Defendant also argues that Counsel's fee request should be reduced or denied altogether
2    because it is "unreasonably inflated." However, as discussed above, the Court finds that the time
3    Counsel expended litigating this case was reasonable. Next, Defendant argues that Counsel has a
4    "documented history of submitting unreasonable fee requests" and cites to one case from 23 years
5    ago. (Dkt. No. 101, p. 1 (citing *Meister v. Regents of Univ. of Cal.*, 67 Cal. App. 4th 437, 444-45
6    (1998).) The Court finds that this one case for 23 years ago with distinct facts, including that the
7    case was arbitrated and that a special master recommended reducing the fee award, does not
8    document a history of Counsel's fee requests being denied. In fact, the more recent history
9    documents courts repeatedly granting Counsel's fee requests. (Dkt. No. 100-1, ¶ 45 (identifying
10   cases).)
11   Finally, Defendant argues that Counsel should not be awarded a multiplier to account for
12   the contingency risk because its hourly rates are based on awards in contingency cases, as opposed
13   to fee-bearing cases. (Dkt. No. 101, pp. 19-20.) However, Counsel's hourly rates which Counsel
14   is seeking to recover are the same rates paid by its clients who pay by the hour. (Dkt. No. 100-1,
15   ¶¶ 42-43.) Nevertheless, the Court finds that the multiplier sought by Counsel of 1.5 to 2.0 is too
16   high. Although Counsel took the risk of losing this case, Counsel did so after the EEOC
17   conducted a three-year investigation and made a finding of reasonable cause that Defendant
18   discriminated against Plaintiff based on his age, which limited Counsel's risk. Therefore, the
19   Court finds that a multiplier of 1.3 sufficiently compensates Counsel for the contingency risk here.
20   **D.    Costs.**
21   Defendant argues that Counsel waived its right to recover any costs by failing to file a bill
22   of costs in accordance with the Northern District Civil Local Rules. Civil Local Rule 54-1(a)
23   provides:
24   > No later than 14 days after entry of judgment or order under which
     > costs may be claimed, a prevailing party claiming taxable costs must
25   > serve and file a bill of costs. The bill must state separately and
     > specifically each item of taxable costs claimed. It must be supported
26   > by an affidavit, pursuant to 28 U.S.C. §1924, that the costs are
     > correctly stated, were necessarily incurred, and are allowable by law.
27   > Appropriate documentation to support each item claimed must be
     > attached to the bill of costs.
28

7

Civil Local Rule 54-1 further provides that "[a]ny party who fails to file a bill of costs within the time period provided by this rule will be deemed to have waived costs." N.D. Civ. L.R 54-1(c). Plaintiff responds by arguing that Local Rule 54-1 did not apply because the Rule 68 offer included the offer that costs would be paid by Defendant in an amount to be determined by the Court. Counsel further argues that, because the Judgment stated that the Court would retain jurisdiction to determine the amount of reasonable attorneys' fees and costs, that Counsel was not required to submit a bill of costs to the Clerk. The Court notes that Local Rule 54 does not exempt or carve out costs pursuant to a Rule 68 offer. Nor do the Local Rules provide any alternative procedures for costs in conjunction with a Rule 68 offer. Therefore, there is no basis for the Court to find that Plaintiff was exempt from filing a bill of costs. The mere inclusion of the word "Court" is insufficient to create an exception or any ambiguity in the required procedure. Notably, Counsel did not cite to, and the Court did not find, any authority where a court in this District held that a party was not required to submit a bill of costs. Therefore, the Court finds that Counsel waived its right to receive its costs and, thus, denies Counsel's requests for costs. In the alternative, the Court denies Counsel's request for costs on the grounds that it did not provide sufficient support for its requested costs until its reply brief, which deprived Defendant of an opportunity to object to, argue against, or otherwise counter the evidence.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorneys' fees and costs. The Court GRANTS Counsel's request for attorneys' fees in the amount of $1,366,971.00 and awards a multiplier of 1.3, for a total of $1,777,062.00. The Court DENIES Counsel's request for its costs. Defendant shall pay $1,777,062.00 for attorneys' fees to Plaintiff by no later than November 19, 2021.

**IT IS SO ORDERED**.

Dated: November 9, 2021

_____
SALLIE KIM
United States Magistrate Judge